IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

Kevin Mazzei and Lei Chu
25602 Ryans Creek CT
Katy, Texas 77494
Pro Se, Plaintiffs.

v.

Second Baptist School,
Rita Herring, Head of Lower School,
Kaylan Caballero, Assistant Head of Lower School,
Brittany Kasischke, Assistant Head of Lower School,
John Card, Head of School,
6410 Woodway Dr.,
Houston, TX 77057,
Defendants.

United States Courts
Southern District of Texas
FILED

DEC 05 2025

Nathan Ochsner, Clerk of Court

25 CV 5843

**Civil Action No. **

**COMPLAINT**

**INTRODUCTION**

　1. Plaintiffs, Kevin Mazzei and Lei Chu, brings this action on behalf of their minor child, Abigail Mazzei (A.M.), against Defendants, Second Baptist School and Rita Herring (R.H.), Head of Lower School, Kaylan Caballero (K.C.), Assistant Head of Lower School, Brittany Kasischke (B.K.), Assistant Head of Lower School and John Card (J.C.), Interim Head of Second Baptist School for racial discrimination in violation of 42 U.S.C. § 1981, negligence, and intentional infliction of emotional distress under Texas law.

　2. Defendants' failure to address racial bullying and physical assaults against A.M. caused severe physical injuries, psychological harm, and forced her withdrawal from the school, resulting in educational disruption.

　3. Plaintiffs respectfully urges this Honorable Court to take this action seriously and deny any motion to dismiss, as the complaint alleges a pervasive pattern of racial discrimination at Second Baptist School, including prior reports of discrimination against African American students and ongoing harm to Plaintiffs' child, as detailed herein. These allegations, supported by specific facts, state a plausible claim for relief under 42 U.S.C. § 1981 and other applicable laws, meeting the pleading requirements of Federal Rule of Civil Procedure 8. As a pro se litigant, Plaintiffs requests liberal construction of this filing, pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), and implores the Court to recognize the severe physical and emotional trauma inflicted on Plaintiffs' child, as well as the risk of future harm to other students, absent judicial intervention to address Defendant's malicious and discriminatory conduct.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under 42 U.S.C. § 1981. Supplemental jurisdiction over state law claims (negligence and intentional infliction of emotional distress) exists under 28 U.S.C. § 1367, as they arise from the same events.

5. Venue is proper under 28 U.S.C. § 1391(b) because Defendants is located in Houston, Texas, and the events giving rise to this action occurred within this judicial district.

**PARTIES**

6. Plaintiffs, Kevin Mazzei and Lei Chu, are residents of Katy, Fort Bend County, Texas, and the parents/guardians of A.M., a minor. At the time of the events, Plaintiffs resided in Houston, Harris County, Texas.

7. Defendants, Second Baptist School, is a private educational institution located at 6410 Woodway Dr., Houston, Texas 77057.

**FACTUAL ALLEGATIONS**

8. On or about March 17, 2024, Plaintiffs entered into an enrollment contract with Defendants for A.M. to attend First Grade at Second Baptist School, which promised a safe and non-discriminatory educational environment.

9. Beginning on or about January 29, 2025, following A.M's presentation of a Chinese Lunar New Year poster, two classmates subjected her to repeated racial bullying, including derogatory comments such as "Chinese girls' eyes look like this" while pulling the corners of their eyes and "fried rice is disgusting" during lunch. To this date, A.M. refuses to bring fried rice for lunch to school due to fear of being ridiculed (Exhibit E).

10. The bullying escalated to physical assaults. On February 21, 2025, a male classmate repeatedly kicked A.M. in the buttocks and leg despite her clear objections (Exhibit D).

11. On March 6, 2025, the same student stabbed A.M. in the face with a pencil, just below her left eye, causing physical injury. Plaintiffs presents photographic evidence of the injury (Exhibit A), and A.M. required treatment from her pediatrician. Exhibit B is an office note from pediatrician right after the incident for sole purpose of evaluating the injury. Plaintiffs promptly reported the incidents to Defendants' Head of Lower School (R.H.) (Exhibit I).

12. On March 7, 2025, during a conference with the Head of Lower School (R.H.), Assistant Head of Lower School (K.C.), and Assistant Head of Lower School (B.K.) stated that Second Baptist School has no bullying policy because "bullying does not occur at a Christian school." This contradicts the Parent-Student Handbook, which prohibits bullying, mandates disciplinary action up to expulsion, and requires reasonable efforts to prevent retaliation against victims or reporters. (Exhibit C) The Defendants provided an emailed action plan (Exhibit J), but failed to implement it nor follow its own anti-bullying policies.

13. Plaintiffs emailed the Head of Second Baptist School, John Card on March 18, 2025, documenting the incidents and requesting intervention. On March 18, 2025, another student, a friend of the bullying student, mocked A.M. for reporting the incidents, constituting retaliation, which Defendants failed to address (Exhibit F).

14. As a result of the ongoing racial bullying and physical assaults, A.M. suffered severe psychological distress, including depression and nightmares, diagnosed by a Licensed Clinical Social Worker on October 4, 2025 and she provided a Clinical Summary Regarding A.M. (Exhibit G).

15. Due to Defendants' failure to protect A.M., Plaintiffs (Exhibit K) withdrew her from Second Baptist School on March 24, 2025, to ensure her safety and well-being (Exhibit H).

16. Upon information and belief, in or around October 2023 an African American student at Second Baptist School experienced repeated racial harassment, including derogatory comments such as "Do you eat at Popeyes all the time?" and unwanted touching of her hair by Caucasian students. Despite complaints to school administrators, Defendants failed to take adequate action to stop the harassment or enforce its anti-bullying policies as outlined in the Parent-Student Handbook. As a result, the student's mother was forced to send a mass text message to all parents in the class, requesting that their children stop touching her child's hair, as the students ignored prior requests and the school took no effective measures to intervene. This incident, which contributed to the student's eventual withdrawal from the school, demonstrates Defendants' systemic failure to address racial discrimination, consistent with its inaction in response to the racial bullying and assaults against Plaintiffs' child, A.M.

**CAUSES OF ACTION**

**Count 1: Racial Discrimination (42 U.S.C. § 1981)**
17. Plaintiffs incorporates paragraphs 1–16 as if fully set forth herein.

18. Defendants violated 42 U.S.C. § 1981 by failing to address racial bullying and assaults, denying Abigail the full and equal benefit of a safe educational environment as guaranteed by her enrollment contract.

19. The racial comments and assaults were motivated by A.M.'s race, and Defendants' inaction perpetuated a discriminatory environment.

**Count 2: Negligence (Texas Common Law)**
20. Plaintiffs incorporates paragraphs 1–16 as if fully set forth herein.

21. Defendants owed Abigail a duty of care to provide a safe and non-discriminatory educational environment, as promised in the enrollment contract and Parent-Student Handbook.

22. Defendants breached this duty by failing to enforce its anti-bullying policies, implement its action plan, or protect Abigail from racial bullying and physical assaults.

23. This breach directly caused A.M.'s physical injuries, psychological harm, and educational disruption.

**Count 3: Intentional Infliction of Emotional Distress (Texas Common Law)**

24. Plaintiffs incorporates paragraphs 1–16 as if fully set forth herein.

25. Defendants' failure to address known racial bullying and physical assaults, despite repeated notifications, was extreme and outrageous conduct.

26. Defendants' inaction caused Abigail severe emotional distress, including diagnosed depression and nightmares, and was intentional or reckless.

**DAMAGES**

27. As a direct result of Defendants' actions and inaction, Abigail suffered:
    a. Physical injuries requiring medical treatment;
    b. Severe psychological harm, including depression and nightmares;
    c. Educational disruption due to forced withdrawal; and
    d. Emotional distress and loss of educational opportunities.

**PRAYER FOR RELIEF**

28. WHEREFORE, Plaintiffs respectfully requests that this Court:
    a. Award compensatory damages for physical injuries, psychological harm, and educational disruption in an amount to be determined at trial;

    b. Award punitive damages for Defendants' reckless disregard of A.M.'s rights;

    c. Grant injunctive relief requiring Defendants to implement and enforce anti-bullying and anti-discrimination policies;

    d. Award costs and reasonable attorney's fees (if applicable, or pro se expenses); and

    e. Grant such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

**VERIFICATION**

We, Kevin Mazzei and Lei Chu, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of our knowledge.

Dated: December 5, 2025

*[signature]*
Kevin Mazzei
25602 Ryans Creek Ct
Katy, TX 77494
(832) 240-6695
kevin@eeisme.com

*[signature]*
Lei Chu
25602 Ryans Creek Ct
(281) 814-9659
leichu2014@gmail.com

Plaintiffs, Pro Se